IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES CALVIN FRAZIER, # 177281, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:15cv919-MHT |
| ) | (WO) |
| CYNTHIA STEWART, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter concerns a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate James Calvin Frazier ("Frazier") on December 8, 2015. Doc. No. 1.[1] Frazier challenges the May 2006 revocation of his probation by the Circuit Court of Chilton County. He contends that he was not afforded an initial appearance before his probation revocation hearing and that, therefore, the trial court was without jurisdiction to revoke his probation. Doc. No. 1 at 1–3. The respondents argue that Frazier's petition is time-barred by the one-year federal limitation period applicable to habeas petitions. Doc. No. 9. The court agrees with the respondents and finds that Frazier's petition should therefore be denied without an evidentiary hearing.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this civil action. Page references are to those assigned by CM/ECF. Although Frazier indicates he is proceeding under 28 U.S.C. § 2241 (Doc. No. 1 at 1), he is in custody pursuant to the judgment of a state court, a 20-year sentence for manslaughter imposed by the Circuit Court of Chilton County in 2002. Therefore, his petition for writ of habeas corpus is properly treated as one seeking relief under § 2254. *See Reyes v. Singer*, 2010 WL 680355, at *3 (N.D. Fla. Feb. 22, 2010); *see also, e.g., Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001).

## I. BACKGROUND

In December 2002, Frazier pleaded guilty in the Circuit Court of Chilton County to the offense of manslaughter and was sentenced as a habitual offender to 20 years in prison. The sentence was split, with Frazier ordered to serve 48 months in confinement followed by 60 months on probation. On May 8, 2006, the trial court entered an order revoking Frazier's probation and ordering him to serve the remainder of his 20-year sentence. Doc. No. 1-1 at 15.

Frazier appealed from the revocation judgment, and on August 24, 2007, the Alabama Court of Criminal Appeals entered a memorandum opinion affirming the trial court's judgment. Doc. No. 9-6. Frazier applied for rehearing, which was overruled on August 31, 2017. Doc. Nos. 9-7 & 9-8. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on October 12, 2007. Doc. Nos. 9-9, 9-10 & 9-11. A certificate of judgment was entered that same date. Doc. Nos. 9-10 & 9-11.

Frazier filed no state post-conviction petition attacking the revocation judgment. Instead, he waited until December 8, 2015, to file the instant petition for federal habeas corpus relief. *See* Doc. No. 1 at 3.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following time limit for bringing habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Eleventh Circuit has found that, for purposes of applying AEDPA's limitation period to probation revocations, the timeliness of a § 2254 petition is based on when the revocation judgment becomes final by conclusion of direct review of the judgment or expiration of the time to seek review of the judgment. *Green v. Price*, 439 F. App'x 777, 783 (11th Cir. 2011); *see Tilley v. Estes*, 2016 WL 6804934, at *2 (S.D. Ala. June 28, 2016), report and recommendation adopted, 2016 WL 6804898 (S.D. Ala. Nov. 16, 2016); 28 U.S.C. § 2244(d)(1)(A). Here, the Alabama Supreme Court denied Frazier's petition for writ of certiorari in the direct-review stage of the revocation proceedings on October 12, 2007. Allowing Frazier the benefit of an additional 90 days to seek certiorari review

3

in the United States Supreme Court (which he did not do), the federal limitation period for Frazier to file a timely § 2254 petition began to run on January 10, 2008. *See* 28 U.S.C. § 2244(d)(1)(A); *Coates v. Byrd*, 211 F.3d 1225, 1225–27 (11th Cir. 2000). Absent tolling, Frazier had until January 12, 2009 (the first business day after January 10, 2009), to file a timely § 2254 petition regarding his probation revocation. Unless Frazier can demonstrate that the tolling provisions of AEDPA were triggered, his habeas petition is untimely.

Nothing in Frazier's petition supports running the one-year limitation period for his habeas challenge to his probation revocation from any of the dates in 28 U.S.C. § 2244(d)(1)(B)–(D). There is no evidence that an unlawful state action impeded Frazier from filing a timely § 2254 petition, *see* § 2244(d)(1)(B), and Frazier submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence, *see* § 2244(d)(1)(D). Frazier also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

Section 2244(d)(2) of AEDPA provides for the tolling of the limitation period pending state court review of a properly filed application for post-conviction relief. *See In re Hill*, 437 F.3d 1080, 1083 (11th Cir. 2006). Because Frazier filed no state post-conviction petition attacking his probation revocation, he is not entitled to any tolling under § 2244(d)(2).

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable

4

with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The burden of establishing entitlement to equitable tolling rests with the petitioner.  *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).  Frazier makes no argument and brings forth no evidence demonstrating that he is entitled to equitable tolling, and the court knows of no reason that would support tolling of the limitation period in his case.

For the reasons set forth above, Frazier's § 2254 petition is time-barred under AEDPA's one-year limitation period, and the claims therein are not subject to further review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period, *see* 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before **January 2, 2018**.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 15th day of December, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE